United States District Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHANNON STAFFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-02147** |
| | § | |
| **HARRIS COUNTY, CONSTABLE** | § | |
| **SILVIA TREVINO, CONSTABLE** | § | |
| **J. CHAIREZ, HOUSTON POLICE** | § | |
| **DEPARTMENT, AND HARRIS** | § | |
| **COUNTY SHERIFF'S OFFICE,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Shannon Stafford filed a civil rights complaint alleging that Defendant Jose Chairez used excessive force in arresting Stafford and was deliberately indifferent to Stafford's serious medical needs once he was in custody. Stafford alleges that the other Defendants failed to properly train Chairez and failed to implement policies to prevent the alleged misconduct by Chairez. (Dkt. No. 1 at 3). He seeks injunctive, declaratory, and monetary relief. (*Id*. at 4).

On October 17, 2022, the Court dismissed Stafford's claims against the Houston Police Department and Harris County Sheriff's Office. (Dkt. No. 10). The remaining Defendants have each filed a motion to dismiss, (*see* Dkt. Nos. 14, 17, and 24), and Stafford responded to the motions. In addition, Stafford moves for leave to file an amended complaint, (Dkt. No. 25). For the following reasons, the motions to dismiss, (Dkt. Nos. 14, 17, and 24), are **GRANTED**, Stafford's motion to amend, (Dkt. No. 25), is **DENIED**.

## I.     BACKGROUND[1]

The parties agree that Stafford was arrested as a result of an automobile accident and traffic stop on January 13, 2021.  Stafford alleges that he was given an unknown substance in his food and drink 10 to 30 minutes before the accident, and that he was drifting in and out of consciousness.  (Dkt. No. 1 at 5).  He further alleges that he fell to the pavement when he exited his car, and that he remembers feeling pain before losing consciousness.  (*Id.*).  He claims that he was placed in the back of a police vehicle where he vomited into his lungs.  (*Id.*).  Stafford alleges that he was in a coma for three to five days and suffered brain damage and lung damage, among other injuries.  (*Id.*).  He contends that he was released from the hospital into the custody of Harris County, where he almost died due to lack of medical care.  (*Id.* at 4-7).

## II.    MOTION TO AMEND

Stafford seeks leave to amend his complaint.  Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> (a) AMENDMENTS BEFORE TRIAL.
>
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[1]     For purposes of addressing this Motion, the Court accepts all factual allegations by the party seeking to assert personal jurisdiction, and resolves all conflicts in that party's favor.  *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

> (2) *Other Amendments*. In all other cases, a party may
> amend its pleading only with the opposing party's written
> consent or the court's leave. The court should freely give leave
> when justice so requires.

Stafford's motion is dated more than three months after the first-filed motion to dismiss, and 26 days after the last-filed motion to dismiss. (*Compare* Dkt. No. 25 at 4 *with* Dkt. No. 14 and Dkt. No. 24).  The Defendants do not consent to the amendment.  Stafford may therefore amend only with leave of the Court.

As Chairez notes in opposing the motion, the proposed amendment consists of facts that were or should have been known to Stafford at the time he filed his original complaint.  Stafford's motion also states that he wishes to name new defendants based on his viewing of body cam video from his arrest.

> Although Rule 15(a) requires the district court to grant leave
> to amend freely, leave to amend is in no way automatic. The
> district court is entrusted with the discretion to grant or deny
> a motion to amend and may consider a variety of factors
> including undue delay . . . , undue prejudice to the opposing
> party, and futility of the amendment.

*Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021) (internal quotation marks omitted).   Allowing Stafford to amend his complaint to add new defendants and allegations that should have been known to him when he filed his original complaint will cause undue prejudice to the Defendants by delaying resolution of their motions to dismiss and compelling them to reformulate their motions to address the new allegations. The proposed amendment also consists of largely conclusory allegations.  The proposed amendment would therefore be futile.  Under these circumstances, justice does not

require allowing leave to amend, and the motion for leave to amend, (Dkt. No. 25), is denied.

### III.   MOTION TO DISMISS

Defendants Harris County, Constable Silvia Trevino, and Deputy Constable Jose Chairez have each filed a motion to dismiss the complaint for failure to state a claim on which relief can be granted.  (Dkt. Nos. 14, 17, and 24).  Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted."  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than ... 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists.  *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff.  *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).  The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "Dismissal ... is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'"  *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

## A.    HARRIS COUNTY AND CONSTABLE TREVINO

Defendant Jose Chairez is a Harris County Deputy Constable.  Stafford alleges that Chairez used excessive force against him and failed to obtain necessary medical care. Stafford sues Defendant Harris County and Precinct 6 Constable Silvia Trevino for failing to train Chairez and for failing to implement policies to prevent the use of excessive force and failure to obtain necessary medical care by county law enforcement employees.

### 1.    Failure to Implement Policy

A municipality can be found liable under Section 1983 only where the municipality itself causes the constitutional violation at issue.  *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force

behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

In this case, Stafford alleges not that Harris County and Trevino implemented an unconstitutional policy, but that they failed to promulgate policies to prevent unconstitutional conduct by their employees.

> In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates. A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights.

*Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks omitted).

To state a claim for failure to promulgate a policy, Stafford must identify other instances of constitutional violations caused by that lack of policy.

> Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.  To establish that a state actor disregarded a known or obvious consequence of his actions, there must be actual or constructive notice that a particular omission in their training program causes employees to violate citizens' constitutional rights and the actor nevertheless chooses to retain that program. A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference, because without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

*Id.* at 446–47 (internal quotation marks and omitted).

Stafford has failed to identify any policy or custom of Harris County or Precinct 6 to allow law enforcement personnel to use excessive force or fail to render aid or seek necessary medical treatment, and he does not point to any pattern of similar constitutional violations by untrained employees.  His conclusory allegations that there is no such policy and that the lack of policy caused the alleged violations are insufficient to state a claim for relief.  Stafford's claims against Harris County and Constable Trevino alleging failure to enact policies must be dismissed.

### 2.   Failure to Train

"[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective."  *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).  The standard for failure-to-train claims is the same as the standard for municipal liability—that is, a municipality may be liable for failure to train only when that failure may fairly be said to represent a policy for which the municipality is responsible.  *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010). Stafford offers only a conclusory assertion that Harris County and Trevino failed to properly train Chairez, and he does not allege with specificity how Chairez's training was inadequate.  (*See* Dkt. No. 1 at 3, 6).  Stafford therefore fails to state a claim for failure to train.

### B.   DEPUTY CONSTABLE JOSE CHAIREZ

Stafford alleges that Deputy Constable Jose Chairez, the arresting officer, used excessive force and failed to obtain medical care for Stafford.  The Court evaluates each claim in turn.

7

### 1.    <u>Excessive Force</u>

To prevail on his excessive force claim, Stafford must show that he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).  While Stafford alleges that he suffered an injury, he pleads no facts showing that Chairez used excessive force, or that his injuries resulted from any use of force.  In fact, the allegations in the Complaint undermine this claim. Stafford alleges that he was ill from having consumed an unknown substance in his food and drink 10 to 30 minutes before his encounter with Chairez.  (Dkt. No. 1 at 4).  He alleges that he fell to the pavement when he exited his vehicle, lost consciousness, and woke up in the back of Chairez's vehicle.  (*Id*. at 4, 6).  Other than conclusory allegations that Chairez assaulted him and used excessive force, he pleads no facts showing such an assault, much less that any force used was excessive, nor does he plead facts showing that his alleged injuries resulted from any use of force.  Because Stafford offers only conclusory allegations, he fails to state a claim of excessive force.  *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (explaining that a plaintiff must plead specific facts instead of mere conclusory allegations, which are not admitted as true).

### 2.    <u>Failure to Obtain Medical Care</u>

The Fourteenth Amendment guarantees pretrial detainees the right "not to have their serious medical needs met with deliberate indifference on the part of the confining officials." *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001).  An arrestee has the same right to necessary medical care as a pretrial detainee.  *Nerren v. Livingston Police*

*Dep't*, 86 F.3d 469, 473 (5th Cir. 1996).  A pretrial detainee or arrestee alleging deliberate indifference must show that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) the official actually drew that inference.  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994)).

For the same reasons just discussed, this claim must be dismissed as conclusory. Stafford alleges that some unidentified person told him that he was "left to die."  (Dkt. No. 1 at 5).  Chairez is not a medical professional, and Stafford makes no allegation that Chairez failed to call for medical help or, indeed, any specific factual allegations about what Chairez did or did not do.  Stafford's medical care claim is wholly conclusory and must therefore be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Stafford's Motion to Amend, (Dkt. No. 25).  The Defendants' Motions to Dismiss, (Dkt. Nos. 14, 17, and 24), are **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.  The Court will enter a separate final judgment.

It is SO ORDERED.

Signed on September 26, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**